STUBENDORF & CO., APPELLEES, V. LEONHART HOFF-
MAN AND PETER HOFFMAN, APPELLANTS.

Creditor's Bill: PLEADING: INCONSISTENT DEFENCES. Plaint-
iff's action was in the nature of a creditor's bill, alleging the re-
covery of his judgment, that it was unsatisfied, and that the
real estate sought to be levied upon was purchased by the judg-
ment debtor, defendant, but that he procured the title to be
conveyed to his brother, for the purpose of defrauding his cred-
itors. Defendant answered admitting that the title was held by
his brother, who was, in fact, the owner of the property, but
alleging that he was the head of a family, and that he had occu-
pied the premises as a homestead since long prior to the recov-
ery of the judgment by plaintiff, and asking that, in case the
property should be held by the court as belonging to him, that
his homestead rights be protected, the property not being capa-
ble of fraudulent alienation, or subject to execution.    Upon
motion of plaintiff, he was compelled to elect upon which de-
fense he would stand.  *Held*, Error, the defenses not being
inconsistent.

APPEAL from the district court of Burt county.    Heard
below before WAKELEY, J.

*R. B. Daly*, for appellants.

*Charles T. Dickinson*, for appellees.

REESE, CH. J.

This was an action in the nature of a creditor's bill.    It
is alleged in the petition that, on the 9th day of August,
1882, plaintiff obtained a judgment against defendant,
Leonhart Hoffman, in the county court of Burt county,
for the sum of $307 and costs; that on the 14th of Jan-
uary, 1885, an execution was issued upon said judgment,
and returned unsatisfied.    On the 6th day of November,
1885, a transcript of the judgment was filed in the office
of the clerk of the district court of Burt county; that an

execution was issued thereon, and returned, no property found; that the judgment is still unsatisfied and in force; that defendant, Leonhart Hoffman, is insolvent, and has no property on which to levy for the satisfaction of said judgment. It is further alleged that, in the month of February, 1882, Leonhart Hoffman purchased a certain tract of real estate in Tekamah, and that, for the purpose of hindering and delaying plaintiffs in the collection of their debts, he caused the deed to said property to be placed in the name of one Robison Carr, who afterwards, at Leonhart's request, conveyed the same to defendant, Peter, Hoffman, who is the brother of defendant Leonhart, and in whose name the title has ever since been, and still remains; that the transfer to Peter was without consideration, and for the purpose aforesaid; that Leonhart Hoffman paid the purchase price for said property, of his own means, and since the purchase he has made valuable improvements thereon to the extent of $1,000. It is further alleged that, about the 20th of April, 1880, Leonhart purchased another part of a lot, described in the petition; that the purchase price thereof was $275, and at the time he paid thereon the sum of $75; subsequently thereto he paid $100; that he has made valuable improvements thereon, and has occupied and used the same from the date of purchase, and that the property is now of the value of $400; that at the request of Leonhart Hoffman the contract for the purchase of the property was made in the name of Peter; that it was so made for the purpose of hindering and delaying plaintiffs in the collection of their judgment.

The two tracts taken together describe a part of lot five in block one hundred and forty-six, in Tekamah, forty feet by ninety-five feet in size.

The answer of defendant, Leonhart Hoffman, consists of a number of paragraphs, which may be briefly stated as admissions: *First,* That he is the brother of Peter Hoffman. *Second,* That the legal title to the property in ques-

tion is held by Peter Hoffman, by deed, and under contract from the vender named in the petition. *Third,* That during the time mentioned in plaintiff's petition, he was insolvent and had no property liable to be taken on execution. *Fourth,* That the house and lot conveyed by him to Peter Hoffman, January 22, 1879, was heavily incumbered, and the amount realized by him from said sale was only about $100, over and above incumbrances and debts due from defendant to Peter Hoffman. *Fifth,* That he lived on the premises in question from the time the house thereon was built, continuously, until the commencement of this suit. *Sixth,* That the names of the parties to the conveyances, and the dates of the same, are correctly stated in the petition. *Seventh,* That the judgment set up in plaintiff's petition was recovered against him; is unpaid, and that the same was recovered and executions issued thereon, as alleged by plaintiff. *Eighth,* He denies each and every allegation in the petition not previously admitted. The ninth paragraph of the answer we here copy in full:

"*Ninth*—Defendant, Leonhart Hoffman, says that all the time since the obtaining of said judgment by plaintiff against him, he has been the head of a family, and that the place of his residence, from long prior to the obtaining of said judgment and up to the time of the commencement of this suit, was upon the land in question, to-wit: Part of lot 5 in block 145, in the city of Tekamah, aforesaid; that the value of said property is, and was during all said time, less than $2,000, and said defendant says that said real estate was in fact the property of Peter Hoffman. Defendant says that, prior to the purchase of said first mentioned tract, February, 1882, he was insolvent, and had been ever since. Defendant further says that, in case the court finds from the testimony that the premises in question should in equity or law be held and considered as the property of defendant, Leonhart Hoffman, then in that case defendant claims said property as his homestead,

as exempt from execution and not subject to fraudulent alienation."

Peter Hoffman answered, admitting the judgment, the issuance of executions thereon, the insolvency of Leonhart, and alleged that the property was purchased with his own means, and for his own benefit, and denies the allegations of the petition. After the filing of the answer of Leonhart Hoffman, plaintiffs filed their motion to strike from the answer the fourth and ninth paragraphs thereof, excepting certain designated words in the ninth paragraph. The motion was sustained, so far as the fourth paragraph of the answer was attacked, but overruled as to the ninth. To this ruling defendant excepted.

As we are unable to discover the purpose of the fourth paragraph in the answer, we cannot see that the court erred in striking it out. It refers to a deed not referred to in the petition, and, so far as we can see, has no relevancy, or connection, with anything therein alleged.

Plaintiff then moved the court to require defendant, Leonhart Hoffman, to elect, in his answer, which defense he would rely upon, viz.: "That the property in question belongs to said defendant, or that it belongs to the defendant, Peter Hoffman." This motion was sustained. To which defendant excepted.

A trial was had, which resulted in a finding and decree in favor of plaintiff. The case is brought to this court by appeal. There is no bill of exceptions, and it is stipulated that the matter to be decided is, whether the judgment is sustained by the pleadings. No brief has been filed upon either side, and the cause is submitted by plaintiff, under rule sixth of this court, without argument. The stipulation is filed, with the record of the motions referred to, the ruling of the court thereon, and the exceptions of plaintiff to such ruling.

It is very difficult to understand the purpose of defendant in bringing the cause to this court with the record and

stipulation attached, unless for the purpose of obtaining a review of the order of the district court requiring him to elect upon which defense the cause should be tried.

It is the unanimous opinion of the members of the court that, in making this order, the district court erred. The prayer of the answer, or rather what we suppose was intended as a part of the prayer, is, that in case the court finds from the testimony that the premises in question should, in equity or law, be held and considered as the property of defendant, Leonhart Hoffman, then that it be held to be exempt as a homestead and not capable of fraudulent alienation or subject to execution. The date of the accruing of the indebtedness is not given by the petition. It is alleged in the answer that, from long prior to the rendition of the judgment, and up to the time of the commencement of this suit, defendant was the head of a family, and resided upon the property. It does not appear by the pleadings whether the indebtedness was contracted prior to the occupancy of the property or not. If not, whatever interest or title defendant had in the property would be exempt to him under a homestead right. This right may be based upon either a legal or an equitable interest (*Sears v. Hanks*, 14 Ohio St., 298), and therefore it was competent for defendant, notwithstanding the admitted legal title in his brother, to assert his homestead right to the property; and he had the right to present that defense in connection with his effort to protect whatever rights Peter might have had in the premises.

The judgment of the district court is therefore reversed, and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.

THE other judges concur.